## NEW ORLEANS, JANUARY, 1887. 33

State ex rel. Daily States vs. Tax Collector.

## No. 9790.

THE STATE EX REL. THE DAILY STATES VS. JAMES D. HOUSTON, TAX COLLECTOR.

The costs of advertising real estate for sale to pay taxes due thereon, under the provisions of Act 82 of 1884, are entitled to be paid with preference by the tax collector out of the first collections realized in the enforcement of the act, unless where the State has failed to give an absolute title, or, that given has been duly annulled.

Tax collectors have no right to refuse such payment, when the State has not made default, or the title given has not been annulled.

Tax collectors cannot be subjected to responsibility for carrying out the positive mandates of valid laws.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe*, J.

*Thos. C. W. Ellis* for the Relators, Appellees.

*Blanc & Butler* for the Respondent, Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The defendant appeals from a judgment directing him to pay to the plaintiff the sum of $3666.24, out of $21,276 which he has in his possession and which are the proceeds of certain sales of property advertised by plaintiff for sale, for the payment of State taxes due.

There is no dispute as to the amount claimed for services rendered and as to the existence of the fund. They are admitted.

The plaintiffs ground their demand for payment out of said fund on section 7 of Act 82 of 1884, p. 107, which is to the effect, that the total amount of costs and expenses incurred in *advertising* and putting up for sale immovable property for State taxes due prior to December 31, 1879, shall *be paid by preference by tax collectors*, out of the first collections made in enforcing the law, and before any distribution of the proceeds for the discharge of State and municipal taxes, directed by a previous section (5).

The defendant, however, resists payment for the reason, that section 4 of the same act compels him to retain the entire proceeds of all sales, made under the statute, until it is finally determined that the State has conveyed absolute title to the purchasers at such sales.

After declaring the effect of a tax sale and how the purchaser shall be put in possession, the section invoked concludes in the following terms;

"In case the State shall fail to give the purchaser an absolute title to the property sold, or if said title shall be duly declared null and void

3

for any cause, the amount paid by the purchaer s to the State for such property shall be refunded by the tax collector to the purchaser."

This section must be construed with the other parts of the act and also with a previous statute to which it refers, viz: Act 96 of 1882, p. 140, sec. 74, which requires that the tax collectors for the parish of Orleans ( one of whom defendant is ) shall make *monthly* settlements with the Auditor and pay into the State treasury the sums collected for account of the State.

Taken together, the two acts, as far as they have an application to the instant case, simply mean in substance : That the property on which certain taxes are due, shall be advertised for sale; that, in cases of adjudication, a deed shall be made by the tax collector ; that the cost of advertising and putting up for sale shall be paid by preference by the tax collector out of the first collections made in enforcing the act; that this payment is paramount to any other; that the tax collector shall, within the *time* required by law (*one month*) for the settlement of tax collections, file a statement of the sales effected by him under the act; that the tax collector shall not pay over to the State the proceeds of sale, where the State has failed to give to the purchaser an absolute title, or where the title given has been duly declared null and void; that, in such cases, the tax collector shall refund to the purchaser the amount paid by him for such property.

It is not at all strange that the act does not state expressly how long the proceeds shall remain in the hands of the tax collector, for the obvious reason that the act of 1882, to which that of 1884 refers as to *time*, requires a *monthly* settlement and payment by tax collectors, under penalties in cases of failure or default.

The two statutes taken together can therefore mean only, that the tax collector shall pay *by preference* the expenses of sale, out of the first collections, *unless* in the cases in which the State has failed to make a title, or in which the title given has been duly annulled.

There is no pretence here that the State has thus been in default, or that the title made has been in any solitary case annulled.

It was well said by counsel for plaintiff that section 4 never intended that the tax collector should keep in his own possession the moneys collected from tax sales, withholding from the officers and printers entitled to their costs for bringing the property to sale and withholding from the State its revenues *ad græcas calendas,* on the suggestion that in the hereafter, litigation might arise to annul these titles.

The district judge likewise well observed that "it would be unreasonable to suppose that the legislature intended that such payment (of

costs and expenses) should be withheld until the possible claims of purchasers, based upon possible evictions by judgments, should become prescribed."

Placing a different construction on the act would indeed be to read out of it sections 5 and 8 and the reference to the statute of 1882, requiring monthly statements, and to constitute State tax collectors, on flimsy pretences, sub-treasurers with authority to collect certain revenues of the State and to retain the same to no end of time.

Tax collectors cannot be subjected to responsibility for carrying out the positive mandates of valid laws, irrespective of the protection in warranty by the State for moneys paid over by them into the public treasury.

We conclude that the district judge decided correctly.

It is therefore ordered and decreed that the judgment appealed from is affirmed with costs.